NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CEVDET AKSÜT VE OĞULLARI KOLL. STI,**<br><br>**Plaintiff,**<br><br>v.<br><br>**ROBIN A. CAVUSOGLU, HINCKLEY ALLEN & SNYDER LLP, CNC WAREHOUSING LLC, MUNEVVER CAVUSOGLU, GULSUN CAVUSOGLU, AHMET HAMDI CAVUSOGLU, CELIL CAVUSOGLU, HUSEYIN T. CAVUSOGLU, AMERICAN PISTACHIO COMMODITY CORP. d/b/a SUNRISE COMMODITIES, GALIP UNSALAN, ANDREW ROSEN, DAVID COTTAM, MORDY DICKER, HGC COMMODITIES CORP., NORTHEAST IMPORTS INC., CNC TRADING DISTRIBUTION AND WAREHOUSING INC., SONA TRADING LTD., LINDEN PACKAGING CORP., EFE SPECIALTY MARKET, INC., EFE INTERNATIONAL, INC., ZEYNO TRUCKING, INC., APC COMMODITY CORP., UNSALAN PETROL DIS TICARET, CELIL ITHALAT ITHRACAT VE TICARET LTD., STI.,**<br><br>**Defendants.** | Civ. No. 14-3362 (WJM)<br><br><br><br>**OPINION** |

1

**WILLIAM J. MARTINI, U.S.D.J.**

The Court has already issued an opinion in this case on a Motion to Dismiss for failure to state a claim that was filed by Sunrise Commodities Corp. and two of its principals (the "Sunrise Opinion"). (ECF No. 69). It also issued an opinion on a motion to dismiss for failure to state a claim that was filed by Mordy Dicker (ECF No. 71). The Court writes for those familiar with these two Opinions.

Co-Defendants Munevver Cavusoglu, Celil Cavusoglu, Ahmet Hamdi Cavusoglu, and Gulsun Cavusoglu (collectively referred to as the "Cavusoglu Children") filed this Motion to Dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Their brief argues that none of them has minimal contacts with New Jersey; however, their contacts with the forum state are not critical. For the purposes of a RICO violation, personal jurisdiction is established if defendants have "national contacts" and if jurisdiction comports with traditional notions of fair play and substantial justice. *In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 298-99 (3d Cir. 2004).

In a RICO case, the court need not engage in the traditional minimal contacts analysis because the RICO statute provides for nationwide service of process. 18 U.S.C. § 1965. Under Third Circuit law, where a statute authorizes nationwide service of process, the jurisdiction of a federal court need not be confined by the defendant's contacts with the forum state. *In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 298 (3d Cir. 2004). Instead, the court employs a "national contacts analysis." *Id.* "National contacts analysis," as the name suggests, is an assessment of the defendant's contacts with the United States as a whole. *Id.* at 292. In this case, all of the Cavusoglu Children are residents of the United States and were served in the United States, except for Munevver, who, since 2010, has permanently resided in Turkey.

However, Munevver does have minimum contacts with the United States. For example, her parents live in the United States. She lived in New Jersey and worked as an employee of HGC between 2007 and 2009. She was allegedly an insider of HGC. She holds a joint bank account with Robin Cavusoglu, and this bank account received $15,000 in an allegedly fraudulent transfer from HGC.

Even where Congress has sanctioned nationwide service of process, personal jurisdiction must still conform to the limits of the Fifth Amendment. *In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d at 299. In other words, the exercise of personal jurisdiction must still comport with "traditional notions of fair play and substantial justice." *Id.* (*citing Go–Video, Inc. v. Akai Elec. Co., Ltd.*, 885 F.2d 1406,

1415 (9th Cir. 1989); *Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 102-03 (1987); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). In this case, it does not offend traditional notions of fair play and substantial justice for this Court to exert personal jurisdiction over any of the Cavusoglu Children. They were allegedly insiders of a New Jersey corporation and received funds from that corporation, with the knowledge that these funds were being transferred to shield family assets from creditors.

     For these reasons, the Motion to Dismiss is denied. An appropriate order follows.

/s/ William J. Martini
_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 14, 2015**

3