UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CEVDET AKSÜT VE OĞULLARI KOLL. STI,<br><br>    **Plaintiff,**<br><br>    v.<br><br>ROBIN A. CAVUSOGLU, et al.,<br><br>    **Defendants.** | Civ. No. 14-3362 (WJM)<br><br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.**

    This matter comes before the Court on Defendant Hinckley Allen & Snyder's ("Hinckley Allen") motion seeking reconsideration of this Court's July 14, 2015, Opinion and Order granting in part and denying in part its motion to dismiss. For the reasons set forth below, the Court **GRANTS in part** the reconsideration motion.

## I.  DISCUSSION

    Local Rule 7.1(i) allows a party to seek reconsideration if it believes the Court has overlooked an issue when it ruled on the initial motion. A motion for reconsideration may be granted only if: (1) there has been an intervening change in the controlling law; (2) new evidence has become available since the court granted the subject motion; or (3) it is necessary to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1995) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Manifest injustice pertains to situations where a court overlooks some dispositive factual or legal matter that was presented to it. *See In re Rose*, No. 06-1818, 2007 WL 2533894, at *3 (D.N.J. Aug. 30, 2007).

    Given that a synopsis of Cevdet's factual allegations were provided in its prior opinions, the Court will eschew a discussion of the underlying facts. (*See* Docket Nos. 69, 71, 73.) Moving to the instant motion, Hinckley Allen's primary contention is that the Court made an error of law (or fact, in the alternative) when it

found that Cevdet had put forth a viable RICO claim.  Hinckley Allen argues that, since the Court limited the prior motion to dismiss to the Sunrise Settlement,[1] this Settlement would constitute but one predicate act, falling short of the necessary pattern of racketeering activity necessary to establish a RICO violation.

A RICO cause of action arising under N.J.S.A. § 2C:41-2(c) requires "(1) the existence of an enterprise; (2) that the enterprise engaged in or its activities affected trade or commerce; (3) that defendant was employed by, or associated with the enterprise; (4) that he or she participated in the conduct of the affairs of the enterprise; and (5) that he or she participated through a pattern of racketeering activity."  *See State v. Ball*, 141 N.J. 142, 181 (1995).  "A pattern of racketeering activity requires at least two predicate acts of racketeering," *Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004), and to "'prove a pattern of racketeering activity a plaintiff [] must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity,'" *United States v. Ramsey*, No. 06-4223, 2007 WL 3314152, at *2 (3d Cir. Nov. 9, 2007) (quoting *H. J. Inc., v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239 (1989)).  *See also Maxim Sewerage Corp. v. Monmouth Ridings*, 273 N.J.Super. 84, 91, 640 A.2d 1216 (Law Div. 1993) ("Except where inconsistent with [New Jersey Supreme Court and Appellate Division decisions], New Jersey will . . . look to federal decisions interpreting RICO.")

The Court agrees with Hinckley Allen that Cevdet's complaint does not allege the predicate acts necessary to demonstrate a pattern of racketeering activity.  While the Sunrise Settlement would comprise the first predicate act, Cevdet's attempt to find a second act in "every pleading, court appearance, correspondence, email, invoice, etc." of Hinckley Allen and by its naked assertion that such representation "necessarily involved untold predicate acts" is unavailing.  Cevdet cites no support for its argument that representation of a client in defense of a RICO action (the Fentex, Holsa, and prior Cevdet suits) is sufficient to establish a predicate act.  *Cf. Handeen v. Lemaire*, 112 F.3d 1339, 1348 (8th Cir. 1997) ("Furnishing a client with ordinary professional assistance, even when the client happens to be a RICO enterprise, will not normally rise to the level of participation sufficient to satisfy the Supreme Court's pronouncements.")  Moving beyond Hinckley Allen's representation in prior litigation, Cevdet's allegation of the firm's broader role in Cavusoglu's enterprise is belied by the exhibits—Cavusoglu's

---

[1] Defined terms have the meaning provided to them in the Court's prior opinions.  (*See* Docket Nos. 69, 71, 73.)

depositions—attached to the Complaint. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (stating that in ruling on a motion to dismiss a district court may consider documents outside the complaint if they are relied upon in the complaint in order to prevent "the situation in which a plaintiff is able to maintain a claim of fraud by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement was not fraudulent.") Cevdet argues that such reliance on Cavusoglu's testimony is unavailing and misguided, because of Cavusoglu's alleged perjury and that "it is no surprise that [he] would have lied about Hinckley Allen's involvement." (Br. Opp. Mot. Reconsideration 11, ECF No. 94.)

Cevdet cannot have it both ways. It cannot rely on some of Cavusoglu's statements to bolster its allegations while at the same time impugning the rest of them. Without more, and granting Cevdet the benefit of all reasonable inferences, the conclusory assertions of Hinckley Allen's alleged participation in Cavusoglu's business—in order to argue various frauds and fraudulent concealments and establish a second predicate act—is insufficient. *See Grant v. Turner*, 505 F. App'x 107, 111 (3d Cir. 2012) (noting that where predicate acts are based in fraud plaintiff must meet the heightened pleading requirement); *Gutierrez v. TD Bank*, No. CIV.A. 11-5533 JLL, 2012 WL 272807, at *6-7 (D.N.J. Jan. 27, 2012) (same). Thus, the Court finds that, since the Sunrise Settlement constitutes only a single predicate act and that Cevdet failed to sufficiently allege additional qualifying predicate acts, Cevdet has not satisfied the "continuity" requirement, and, consequently, the RICO cause of action will be dismissed. *See Kolar v. Preferred Real Estate Investments, Inc.*, 361 F. App'x 354, 365 (3d Cir. 2010) (finding that a "single, finite transaction cannot by itself underpin a pattern of racketeering activity.")

Shifting to the remaining issues raised in the motion, the Court notes that though Cevdet does not list Hinckley Allen among the defendants in the heading for Count Eight or within the description of the count, (Complaint 53), it confusingly includes Hinckley Allen in its request for damages for this count, (Complaint 59). Therefore, since Cevdet does not assert allegations against Hinckley Allen in the substance of Count Eight, the Court will retract its prior finding as to this count. As for Count Two, since the Court in its prior opinion limited its consideration to the Sunrise Settlement, the Court did not reach

Cevdet's allegations regarding Hinckley Allen's alleged participation in other fraudulent transfers related to HGC. Hinckley Allen argues that these allegations under the New Jersey Uniform Fraudulent Transfer Act do not contain the specificity necessary to satisfy Rule 9(b) of the Federal Rules of Civil Procedure. *See Lum*, 361 F.3d at 220 (stating that "plaintiff must plead or allege the date, time, and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation"); *Mizrahi v. Checkolite Int'l, Inc.*, No. 14-CV-7987-JLL-JAD, 2015 WL 4388336, at *3 (D.N.J. July 15, 2015). The Court finds that while Cevdet sufficiently detailed its fraud allegations regarding the Sunrise Settlement, as previously discussed, the vague reference to "voluminous documentary evidence" in Cevdet's opposition brief cannot overcome the lack of precision or substance within the Complaint regarding Hinckley Allen's alleged involvement in the various other fraudulent transfers of HGC's assets. Accordingly, consistent with its prior opinion, while the Court continues to deny Hinckley Allen's motion to dismiss Count Two, it will—as it pertains to Hinckley Allen—grant the request to limit the count to the Sunrise Settlement. Finally, tackling the *ad damnum* clause, Cevdet does not argue Hinckley Allen's point that the Complaint's demand for specific dollar amounts violates Local Civil Rule 8.1. Thus, the specific dollar amounts in the *ad damnum* clause will be stricken.

## II.   CONCLUSION

For the reasons above, the Court **GRANTS in part** Hinckley Allen's motion for reconsideration, dismissing the RICO cause of action, noting that Count Eight does not apply to Hinckley Allen, limiting Count Two only to the Sunrise Settlement, and striking the *ad damnum* clause. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 11, 2016**